[Crim. No. 1547.   Third Appellate District.—March 18, 1937.]

THE PEOPLE, Respondent, v. E. R. ODOM, Appellant.

R. R. Sischo for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was convicted of violating the provisions of section 480 of the Vehicle Code, by failing to stop his automobile to render assistance as required by section 482a of the same code, after he had struck a pedestrian who died as a result of the accident. From the judgment of conviction which was rendered pursuant to the verdict of a jury, from the order denying defendant's motion in arrest of judgment and from the order denying his motion for a new trial, the defendant has appealed.

It is contended the information fails to state a public offense for the reason that it is not specifically alleged that the defendant knew his machine had struck the deceased; that the court erred in giving and refusing to give instructions to the jury, and that there is a fatal variance between the allegations of the information and the proof which was adduced.

The evidence shows that the defendant and his older son jointly owned the automobile which was involved in the accident. At 8:30 o'clock in the evening of November 8, 1936, the defendant was riding in the rear seat of his machine, which was then being operated by his younger sixteen year old son, who was not the joint owner of the vehicle. The operation of the machine was under the control and direction of the defendant. Another young man by the name of Bradford, who was a friend of the family, was sitting on the front seat by the side of the driver. It was dark. While they were driving along the highway, which was called Shaffer Road, near Atwater, a man by the name of Sylvester Apadoca suddenly appeared on the highway and was struck by the machine. A few moments later he was found dead by a traffic officer at that point on the highway. The defendant knew his machine had struck the pedestrian and he failed to stop to render assistance to the injured man. On the contrary, he deliberately drove on his way and failed to report the accident. He also attempted to conceal his identity.

Regarding his knowledge of the accident, the defendant testified:

"We were just driving down the road about 20 miles an hour, I guess, and all at once there was a man just appeared right in front of the car. . . . It (the car) struck (him) on the left hand side, kind of. . . . We slowed up. . . . We was

at a loss to know what to do and so the boy just drove on.''

Mr. Bradford testified regarding the conduct of the defendant when the automobile struck the man:

''Well he (the driver) just slowed up. Q. Yes. Did E. R. Odom, who was in the back seat, say anything? A. Well, he said, 'You have run over a man and killed him'. . . . Q. What, if anything, did the driver say? A. He said he couldn't help it. Q. Then what, if anything, did E. R. Odom in the back seat say? A. He told him to drive on.''

The defendant failed to demur to the information, but he presented a motion in arrest of judgment under the provisions of section 1012 and 1185 of the Penal Code, on the ground that the information fails to state facts sufficient to constitute a public offense, which motion was denied. ■ The omission to allege sufficient facts in an information to state a public offense is not waived by failing to demur to the pleading. A lack of jurisdiction of the court, or a failure to state a public offense in the information may be raised on motion in arrest of judgment. (*People* v. *Ross,* 103 Cal. 425 [37 Pac. 379] ; 8 Cal. Jur. 446, sec. 466.)

■ We are of the opinion the information sufficiently states a public offense which was committed by violating the provisions of section 480 of the Vehicle Code of California by failing to stop the defendant's automobile to render assistance to a pedestrian who had been struck by the machine and injured, from the result of which the victim subsequently died. It is contended the information is fatally defective for the reason that it is not alleged therein that the defendant knew his machine had hit and injured the pedestrian. Assuming, without so deciding, that it is necessary to allege in an information that the person accused of violating the provisions of section 480 of the Vehicle Code, knew that his machine was ''involved in an accident *resulting in injury to or death of any person'',* we are of the opinion that knowledge on the part of the defendant in this case is sufficiently alleged. The information is couched in the exact language of the statute and conforms to the provisions of sections 950–952 and 959 of the Penal Code. The essential portion of section 480 of the Vehicle Code, under which the defendant was charged, reads as follows:

"Accidents involving death or personal injuries. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident and shall fulfill the requirements of Section 482 (a) hereof, . . . "

That portion of section 482a of the Vehicle Code, which is applicable to this case, reads:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person . . . shall render to any person injured in such accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

The charging part of the information is that the defendant did:

"*Wilfully and unlawfully* drive a motor vehicle upon a public highway therein and did fail to immediately stop said motor vehicle involved in an accident causing injuries and death to another person and to render aid as provided in Section 482 (a) of the Vehicle Code."

Since the amendment of section 952 of the Penal Code in 1929, greater liberality is allowed in determining the sufficiency of the allegations of an information or of an indictment. By the terms of that section, as amended, it is declared the information may be drawn *"in the words of the enactment"*, or *"in any words sufficient to give the accused notice of the offense of which he is accused"*. The defendant in the present case knew that his machine had hit and injured or killed a pedestrian at a time and place which is specifically designated in the information. The pleading then charges that he "wilfully" drove his motor vehicle at that time in such a manner that it was "involved in an accident *causing injuries and death to another person*". In effect, so clearly that the pleading may not reasonably be misunderstood, the information charges the defendant with "wilfully" failing to immediately stop and render aid to the injured person as required by section 482a of the Vehicle Code. To charge that the defendant *wilfully* drove the machine in such a manner as to cause the injury or death of a person, in effect alleges that he *knowingly* drove it so as to cause the injury or death of

the individual. To allege that one *knowingly* operated a machine in such a manner as to kill or injure another person, is equivalent to saying he knew that he had injured or killed the person by the manner in which he drove the machine.

An information which charges that a person "wilfully and unlawfully" performed an act is equivalent to alleging that he *knowingly* did so, and thus supplies the element of knowledge of the unlawful act where that element is necessary to be alleged in the pleading. (*People v. Calvert*, 93 Cal. App. 568, 573 [269 Pac. 969]; *In re Stambaugh*, 117 Cal. App. 659 [4 Pac. (2d) 270].) In the Calvert case, *supra*, a judgment of conviction of the possession of a still was sustained on appeal. It was contended the accused did not know he was in possession of an unlawful still, and that the information was fatally defective because it failed to allege that knowledge on his part. The court said in that regard:

"Appellants contend that the information does not state a public offense 'in that it failed to allege that (the) still charged in the information was *"knowingly"* possessed'. The information charges that the defendants 'unlawfully, *wilfully* and feloniously' possessed the still. 'To do a thing *wilfully* is to do it by design, with set purpose.' (*People v. Sheldon*, 68 Cal. 434, 437 [9 Pac. 457, 459].) To do a thing wilfully *is to do it knowingly*. (*People v. Swiggy*, 69 Cal. App. 574, 581 [232 Pac. 174]; 4 Words & Phrases [2d Ser.] p. 1304; Pen. Code, sec. 7, subds. 1 and 5.)"

The Stambaugh case, *supra*, declares that it is not necessary to repeat the word "wilfully" in connection with every averment of a pleading, when it is reasonably implied with reference to succeeding clauses. In the present case it is clearly inferred that the defendant was accused of "wilfully" or knowingly failing to stop his car to render aid, when he knew his machine had struck and injured or killed another person. The defendant could not possibly have been misled by that language. He must have known the nature of the offense with which he was charged.

There is no merit in the appellant's contention that the information is defective in merely alleging that the accused person failed to *immediately* stop his machine when the accident occurred, leaving the inference that he may still have stopped within a reasonable time thereafter. The statute requires the driver of a machine under the circumstances

of this case to "immediately stop such vehicle at the scene of such accident". This phrase should receive a reasonable construction. It means that he should promptly stop at the scene of the accident for the purpose of rendering assistance to the injured person. The word "immediately" does not mean instantly. The law does not require impossible things to be performed. Proof of the fact that a driver who was involved in an accident in which some individual was injured stopped his machine as promptly as possible under the circumstances of the case would certainly exempt him from liability on that account. It was sufficient to have charged him in the language of the statute with failure to stop the machine. If there be an excuse for failure to stop the car promptly that is a matter of defense which may be shown at the trial. It is not contended in this case that the defendant made any effort to stop his machine at all.

The offense of failing to stop an automobile which has struck and injured a person and to render assistance to the victim of the accident, as provided by section 480 of the Vehicle Code, applies with equal force to the owner of the machine who is riding therein at the time of the accident with full authority to direct and control the operation as it does to the person who is actually driving the vehicle. The term "driver of the vehicle" as it is used in the statute includes the owner of the machine who is present and has the control of its operation. (*People* v. *Rallo,* 119 Cal. App. 393, 397 [6 Pac. (2d) 516]; *People* v. *Steele,* 100 Cal. App. 639, 644 [280 Pac. 999]; *People* v. *Maggio,* 90 Cal. App. 683 [266 Pac. 813].) There was therefore no variance between the allegations of the information and the proof of the defendant's guilt of the offense charged in the present case. The defendant is joint owner of the machine. He was riding in his machine at the time of the accident and had absolute right to direct and control his sixteen year old boy in its operation. In fact he did instruct the boy to "drive on" after the accident had occurred. The evidence indicates that his machine failed to stop because the defendant commanded his boy to drive on. Under such circumstances the owner of the machine becomes guilty as does the driver thereof of violating the statute.

The court did not err in giving to the jury the following instructions:

"I instruct you that it is unlawful for the driver of any vehicle involved in an accident resulting in an injury to or death of any person, to fail to immediately stop such vehicle at the scene of such accident and fail to fulfill the requirements of section 482a of the Vehicle Code."

"Therefore, in this case if you believe beyond all reasonable doubt and to a moral certainty that the defendant, E. R. Odom, was the owner and had control over the operation of the automobile in which he was riding and which injured and killed another person and the said defendant, E. R. Odom, knowing his machine had struck another person, failed to immediately stop the car and to fulfill the requirements of section 482a of the Vehicle Code, to give information and render aid as provided therein, then you shall find the defendant guilty as charged."

The provisions of section 482a were also read to the jury in the language of the code. The defendant admitted that he knew his machine had hit and injured or killed an individual. There is no evidence to the contrary. He also admitted he was joint owner of the car. He had the absolute right to direct and control its operation at the time of the accident. There is no conflict of evidence in that regard.

On the authority of *People* v. *Kaufman,* 49 Cal. App. 570 [193 Pac. 953], since, under the provisions of sections 480 and 482a of the Vehicle Code, the driver of a machine might be guilty of only one of several distinct acts of omission, each one of which may constitute a separate offense, the appellant contends it was error for the court in this case not to instruct the jury to that effect, for the reason that it cannot be determined from the verdict whether all jurors agreed upon the guilt of the defendant as to any particular offense. In the present case no such uncertainty exists. The evidence is undisputed that the machine did not stop at all after the accident occurred, and the defendant did not attempt to render any aid whatever. Since he failed to stop, he had no opportunity to render aid. The gist of the offense of which the defendant was convicted is that he failed to stop his machine so that he could comply with the requirements of section 482a of the code. Since that was the only offense supported by the evidence and the case was tried on that theory, it may not be questioned that the jury was unanimous on that particular subject. There was no harm in

instructing the jury regarding the different offenses included in the mandate of section 482a. It was conceded the defendant performed none of them, for he did not even stop his car. It follows that the jury must have been unanimous in concluding that he failed to perform any of the acts enjoined upon him by that section because he did not stop his car. The preceding instructions were properly given to the jury.

■ It was not prejudicial for the court to have charged the jury that "I instruct you that the gist of this offense is not the unfortunate injury or death of the victim, it is the wilful failure to render reasonable assistance. . . . " The portion of the challenged instruction above. quoted seems to be favorable to the defendant. In effect it charges the jury that they must not attempt to punish the accused because he was the means of injuring or even killing the unfortunate victim of the accident. It states that he may only be found guilty provided he failed to stop his machine so as to render aid to the injured person. It may be conceded the instruction as a whole is argumentative. The language used in that instruction was taken from the opinion which was rendered in the case of *People* v. *Rallo,* 119 Cal. App. 393 [6 Pac. (2d) 516]. It was used in that case to illustrate the competency of certain evidence and to distinguish between the offenses of failing to stop a machine and render assistance to one who has been struck and injured or killed, and the crime of manslaughter which might grow out of similar circumstances. The reasons for the adoption of a statute assigned by a court in rendering an opinion may be absolutely accurate, and yet the language may be inappropriate to use in an instruction to a jury. But the mere fact that an instruction is argumentative does not necessarily render it prejudicial error requiring a reversal of a judgment. (*People* v. *Stanton,* 106 Cal. 139 [39 Pac. 525] ; *People* v. *Watts,* 198 Cal. 776, 797 [247 Pac. 884].) There appears to be nothing in the language of the instruction which was given in this case which could have prejudiced the defendant. The giving of this instruction did not constitute reversible error.

■ The jury were correctly instructed that if they found that the defendant was the owner of the machine, that he was riding in the car at the time of the accident, and that he had actual control over the operation of the automobile, even though he was not driving it himself, he would be guilty

of violating the provisions of section 480 of the Vehicle Code, if he knew that the machine had hit and injured or killed a pedestrian and failed to stop it to render assistance to the victim of the accident. We have heretofore cited cases upholding the principle that the owner of the machine under such circumstances may be held guilty of violating the statute. The authorities from other jurisdictions are in accord with the California cases in that regard. No authorities are cited which conflict with that conclusion.

■ There is no merit in the contention that there is a fatal variance between the allegation of the information that the accident occurred "upon a public highway" in Merced County and the proof that the body of the man was found on "Shaffer Road". The chief of police of the town of Atwater testified in that regard: "I went out on First Street in Atwater, or Shaffer Road as it is sometimes called. . . . I found a gentleman laying nearly in the center of the road." Mr. Dysart testified in that regard: "And it (the body) was lying on the highway? A. Yes. . . . On First Street out of Atwater, north of Atwater. Q. Was it on the Shaffer Road? A. The First Street is all I know." It is immaterial whether the accident occurred on a street in Atwater or on an extension of that street outside of the city limits, termed Shaffer Road. It was called both a highway and a street. Section 81 of the Vehicle Code defines a highway as follows:

" 'Street' or 'highway' is a way or place of whatever nature open to the use of the public as a matter of right for purposes of vehicular travel."

There can be no doubt the accident occurred on a roadway open to the public for the purpose of vehicular travel. There appears to be no variance in that regard.

The judgment and the orders are affirmed.

Pullen, P. J., concurred.