[Crim. No. 17527. Second Dist., Div. Four. Aug. 20, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH WELDON AMMONS, Defendant and Appellant.

## COUNSEL

Richard E. Erwin, Public Defender, and Donald G. Griffin, Deputy Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Arnold E. Ogren, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—After a jury trial, defendant was found guilty of two counts of "hit and run" driving in violation of Vehicle Code section 20001.[1]

The People's evidence supports the following statement of facts:

At about 5:20 p.m., April 20, 1969, Bradley and Christine Melvin were riding a motorcycle at a speed of 30 to 35 miles per hour on a highway near Ventura when defendant, driving an automobile in the opposite direction, made a sudden left turn in front of them. The motorcycle swerved to avoid a collision and struck a metal pole at the side of the road. Both of the riders were thrown to the ground. Defendant stopped, left his vehicle, and walked to within 10 feet of the Melvins, both of whom were on the ground. Christine was moaning. Defendant looked at them, then returned to his automobile and drove away. He did not identify himself to anyone and did not offer or render aid to the injured. Christine had in fact sustained serious injuries which required hospitalization. Bradley Melvin had "the wind knocked out" and sustained a muscle strain and some scratches.

Another motorist who saw the accident recorded defendant's license number and identified him at the trial.

---

[1]Vehicle Code section 20001 provides: "The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004."

Section 20004 is not relevant to this case. Section 20003 provides: "The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, the name of the owner, and upon request and if available exhibit his driver's license to the person struck or the driver or occupants of any vehicle collided with or shall give such information and exhibit his license to any traffic or police officer at the scene of the accident and shall render to any person injured in the accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if such carrying is requested by the injured person."

Defendant testified at the trial that he had not been involved in the accident. He claimed he had loaned his car to a friend that day.

■ Defendant contends here, as he did at the trial, that section 20001 is unconstitutional because his compliance would have required him to incriminate himself. He points out that the evidence shows he was in danger of prosecution for making an illegal left turn (Veh. Code, § 21801), driving while under the influence of alcohol (Veh. Code, § 23101 or 23102) and driving after his operator's license had been revoked (Veh. Code, § 14601). He relies upon *Byers* v. *Justice Court* (1969) 71 Cal.2d 1039 [80 Cal.Rptr. 553, 458 P.2d 465],[2] which was decided after the accident but prior to the trial of this case.

Preliminarily we note the contention of the Attorney General that defendant "lacks standing" to challenge the constitutionality of section 20001 because he denied he was the driver of the car involved in the accident, citing *People* v. *Limon* (1967) 252 Cal.App.2d 575 [60 Cal.Rptr. 448]. The only support we find for this argument is in headnote [2] appearing on pages 575-576 of the report of that case. The entire text of the discussion of the constitutional issue in the *Limon* opinion is as follows (at p. 579): "Appellant appears to contend that the Vehicle Code section is unconstitutional in requiring him to give his name as driver, because if he was driving under the influence of liquor he would thereby incriminate himself. The validity of the statute was established long ago. (*People* v. *Diller*, 24 Cal. App. 799 [142 P. 797].) Besides, appellant did not at any time admit that he was the driver. That fact was established by independent evidence."

Whether the sentence starting with "Besides" implies anything more than a mere statement of a fact, we need not decide. In any event it seems to us the court was not deciding that a person who refuses to admit an incriminating fact has no standing to claim a constitutional privilege against prosecution for refusing to admit that incriminating fact.

Although the constitutionality of section 20001 was once so well "established" that the Supreme Court did not even discuss it in *People* v. *Holford* (1965) 63 Cal.2d 74 [45 Cal.Rptr. 167, 403 P.2d 423], the *Byers* case, *supra*, 71 Cal.2d 1039, compels a reexamination of the subject.

*Byers* involved a prosecution under Vehicle Code section 20002, which requires a driver to stop and identify himself when his vehicle is involved in an accident resulting in property damage. The Supreme Court said (at

[2]Certiorari was granted by the United States Supreme Court April 20, 1970, *sub nom. California* v. *Byers*, 397 U.S. 1035 [25 L.Ed.2d 646, 90 S.Ct. 1352].

p. 1047): "We are satisfied that the privilege is applicable when a driver of a motor vehicle involved in an accident is confronted with a statutory requirement to stop and divulge his identity and reasonably believes that compliance with the statute will result in self-incrimination."

The court then decided that, to avoid a conflict between the requirements of the statute and the constitutional privilege, the motorist would be required to comply with the statute, but the state prosecuting authorities would be precluded from using the information so disclosed in connection with a criminal prosecution. But with respect to Byers himself, prosecution was prohibited because at the time Byers violated section 20002 he could not have anticipated that the Supreme Court would have imposed this restriction upon the use of the statements he might have made.

Section 20001, which requires a driver both to identify himself and to give aid to persons who are injured, is based upon considerations far more grave than the purpose underlying section 20002, which involves only identification of the driver where there is property damage. Nevertheless, we find nothing in the *Byers* opinion which would enable us to draw a distinction between the two sections with respect to the constitutional privilege against furnishing identification at the scene. At one point in the *Byers* opinion (at p. 1045) the court referred to section 20001 as "a statute similar in all relevant particulars to the statute involved in the present case." We are therefore bound to apply the *Byers* reasoning and decision with respect to the requirements of section 20001 that defendant identify himself. Since at the time of the accident the Supreme Court had not yet devised the "use-restriction" rule, defendant here, like Byers, must be excused for failing to furnish information about himself.

But this is only part of the case. Section 20001 imposes several duties upon a motorist who is involved in an accident which results in personal injury. One of these duties is to "render to any person injured . . . reasonable assistance." In *Bailey* v. *Superior Court* (1970) 4 Cal.App.3d 513 [84 Cal.Rptr. 436] this court held that the *Byers* decision does not preclude the prosecution of a driver who fails to give aid to an injured person.

In the case at bench the court instructed the jury on all of the duties of a driver under section 20001 and that a violation of any one of them would support a verdict of guilty. The *Byers* decision now makes this instruction erroneous insofar as it referred to defendant's duty to identify himself. We must therefore determine whether the error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13.)

The only substantial conflict in the evidence was raised by defendant's claim that he was not the driver of his car at the time of the accident. Had

the jury believed defendant he would have been acquitted, irrespective of the erroneous instruction. The verdict of the jury conclusively established that defendant was the driver.

The evidence is uncontradicted that the driver of defendant's automobile knew of the accident, that he stood 10 feet from the injured persons and departed without offering aid. Two other persons were present, but no one yet had called for medical assistance or even approached the injured people to find what they needed. ■ The Supreme Court has said "that criminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person." (*People* v. *Holford* (1965) 63 Cal.2d 74, 80 [45 Cal.Rptr. 167, 403 P.2d 423].)

■ The driver knew that Christine had been thrown from a motorcycle going 30 or 35 miles per hour, and that she was on the ground moaning. A jury could not reasonably have doubted that this was a case where the driver must render aid. The error in the instruction could not have resulted in a miscarriage of justice as to count I, which charges failure to aid Christine.

■ With respect to count II, involving failure to aid Bradley, the jury could conceivably have entertained a reasonable doubt as to whether assistance was required. Certainly the nature of the accident was sufficient to support a finding, under the *Holford* standard, that defendant should have assumed injury to both victims. But the evidence also shows that Bradley's injuries were minor, and we cannot say that a jury would not have taken that into consideration and acquitted on this count but for the instruction that defendant could be convicted for failing to identify himself. The conviction on count II must therefore be reversed.

The parties have not briefed the question whether a driver may be convicted of two counts of violating section 20001 arising out of a single accident, and we express no opinion upon it.

The judgment is affirmed as to count I and reversed as to count II.

Kingsley, J., and Dunn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 15, 1970. Mosk, J., was of the opinion that the petition should be granted.