[Crim. No. 18835. Second Dist., Div. Four. Mar. 1, 1971.]

In re CARLOS A., a Person Coming Under the Juvenile Court Law.
FRANK A. COLSTON, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
CARLOS A., Defendant and Appellant.

**COUNSEL**

Richard E. Erwin, Public Defender, and Donald G. Griffin, Deputy Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William H. Waysman, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—This is an appeal from an order of the juvenile court, finding the minor to be a person coming within section 602 of the Welfare and Institutions Code, declaring him a ward of the court and placing him on probation. He has appealed from that order (Welf. & Inst. Code, § 800); we affirm.

Section 602 of the Welfare and Institutions Code provides as follows: "Any person under the age of 21 years who violates any law of this State or of the United States or any ordinance of any city or county of this State defining crime or who, after having been found by the juvenile court to be a person described by Section 601, fails to obey any lawful order of the juvenile court, is within the jurisdiction of the juvenile court, which may

adjudge such person to be a ward of the court." The petition filed herein alleged that the minor was a person coming within that section in that he had violated section 23102 of the Vehicle Code (misdemeanor drunk driving).

The case was heard on a stipulation of facts reading as follows: "It is stipulated that the minor was operating the vehicle at the time of the accident; that he remained at the scene of the accident in compliance with Vehicle Code Section 20002, subdivision (a);[1] that it was later determined by observation of his physical symptoms and conduct at the scene of the accident that he was under the influence of alcohol at the time and place of the accident and that both at the scene of the accident and later at the police station he refused to take any physical tests and stated that he was too drunk to pass them."

It is here conceded that the admission of intoxication by the minor was a "fruit" of the original physical observations by the officers, and that the admissibility of the observations and the admission turns on the issue hereinafter discussed.

It was urged in the court below, and is urged here, that this evidence is inadmissible under the so-called "use-restriction" doctrine announced by the Supreme Court in *Byers* v. *Justice Court* (1969) 71 Cal.2d 1039 [80 Cal.Rptr. 553, 458 P.2d 465], cert. granted April 20, 1970, by United States Supreme Court (397 U.S. 1035 [25 L.Ed.2d 646, 90 S.Ct. 1352]). In that case, the court concluded that the requirement of section 20002 that a person involved in an accident stop and identify himself violated his constitutional privilege against self-incrimination. The court, however, held that the policy conflict between that privilege and the public interest sought to be served by the Vehicle Code provision could be resolved by restricting the use to which the information obtained by the statute could be put: "We conclude that criminal prosecutions of drivers involved in ac-

---

[1]Vehicle Code section 20002, subdivision (a) reads as follows: "(a) The driver of any vehicle involved in an accident resulting in damage to any property including vehicles shall immediately stop the vehicle at the scene of the accident and shall then and there either: (1) Locate and notify the owner or person in charge of such property of the name and address of the driver and owner of the vehicle involved, or; (2) Leave in a conspicuous place on the vehicle or other property damaged a written notice giving the name and address of the driver and of the owner of the. vehicle involved and a statement of the circumstances thereof and shall without unnecessary delay notify the police department of the city wherein the collision occurred or, if the collision occurred in unincorporated territory, the local headquarters of the Department of the California Highway Patrol. Any person failing to comply with all the requirements of this section is guilty of a misdemeanor and upon conviction thereof shall be punished by imprisonment in the county jail for not to exceed six months or by a fine of not to exceed five hundred dollars ($500)' or by both."

cidents will not be unduly hampered by rules that prosecuting authorities may not use information divulged as a result of compliance with section 20002, subdivision (a), of the Vehicle Code or the fruits of such information and that in prosecutions of individuals who have complied with that section the state must establish that its evidence is not the fruit of such information." (*Byers* v. *Justice Court* (1969) *supra,* 71 Cal.2d 1039, 1056.)

However, the discussion in *Byers* was all based on protection of the Fifth Amendment right against self-incrimination. That right has been held not to extend beyond testimonial incrimination—*i.e.,* incrimination by things said or otherwise authored by a person; it does not extend to information obtained by such things as blood tests, handwriting exemplars or observation of the person. (*Schmerber* v. *California* (1966) 384 U.S. 757 [16 L.Ed.2d 908, 86 S.Ct. 1826]; *People* v. *Williams* (1969) 71 Cal.2d 614 [79 Cal.Rptr. 65, 456 P.2d 633]; *People* v. *Ellis* (1966) 65 Cal.2d 529 [55 Cal.Rptr. 385, 421 P.2d 393].) In *Bailey* v. *Superior Court* (1970) 4 Cal.App.3d 513 [84 Cal.Rptr. 436], this court, in considering section 20001 of the Vehicle Code,[2] held that, while the philosophy of *Byers* applied to the requirement in that section of providing verbal or written evidence of identity, it did not apply to the requirement that a driver stop and render aid.[3] Referring to the cases dealing with nontestimonial incrimination, we said of the "stop and aid" requirement: ■ "Said requirements were not designed to produce evidence of any kind, and to the extent that compliance may reveal physical characteristics or expose a driver to visual identification, this is not testimonial compulsion upon, or enforced communication by, such driver within the privilege." (*Bailey* v. *Superior Court* (1970) *supra,* 4 Cal.App.3d 513, 523.)

We conclude that the mere fact that section 20002 of the Vehicle Code may[4] have impelled a drunken driver involved in an accident to stop and

---

[2]Vehicle Code section 20001 is as follows: "The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004.

"Any person failing to comply with all the requirements of this section under the circumstances is guilty of a public offense and upon conviction thereof shall be punished by imprisonment in the state prison for not less than one year nor more than five years or in the county jail for not to exceed one year or by fine of not to exceed five thousand dollars ($5,000) or both."

[3]See also *People* v. *Ammons* (1970) 10 Cal.App.3d 682 [89 Cal.Rptr. 360].

[4]In the case at bench, the agreed statement of facts recites that the minor had remained at the scene of the accident "in compliance with" Vehicle Code, section 20002. It is not clear whether this implies that he remained because he knew of the section and intended to obey it, or merely that his presence satisfied that statutory requirement whatever his motivation for remaining. The case was argued below, and

remain at the scene of the accident and thus subject himself to visual inspection by police or bystanders, the evidence of his intoxication so secured is not inadmissible in his trial for drunk driving.

The order appealed from is affirmed.

Dunn, J., and Irwin, J.,* concurred.

---

here, on the assumption that the statutory provision had a causative effect on his being present to be observed; we decided it on the same assumption.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.