636 So.2d 753 (1994)
Dennis MANCUSO, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3148.
District Court of Appeal of Florida, Fourth District.
March 9, 1994.
Order Certifying Question April 13, 1994.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
*754 PER CURIAM.
We reverse appellant's conviction for leaving the scene of an accident which killed one individual and seriously injured another because of the absence of any instruction to the jury on "constructive knowledge" of the death/injury. We also remand for a new trial. In doing so, we do not fault the trial court as there was no standard jury instruction upon the substantive crime.
The standard jury instruction for a companion statute, section 316.061, does not contain any reference to "constructive knowledge" of damage; however, nowhere in that statute is there any requirement of "willfulness."[1] In section 316.027, for which there is no standard jury instruction, the statute provides in part:
(1) The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident, or as close thereto as possible, and shall forthwith return to, and in every event shall remain at the scene of, the accident until he has fulfilled the requirements of s. 316.062.
(2) Any person willfully failing to stop or to comply with the requirements of subsection (1) under such circumstances is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) The department shall revoke the driver's license of the person so convicted.
(Emphasis added.)
Appellant requested the following instruction from the trial court that included the following:
3. The Dennis Mancuso knew that he was involved in an accident which resulted in personal injury to another;
4. That Dennis Mancuso, knowing he was in an accident which resulted in personal injury to another:
a. Willfully left the scene; and/or
b. Willfully failed to give his name, resident address and vehicle registration number to a person involved in the accident or to a police officer at the scene of the accident; and/or
c. Willfully failed to render aid to any injured person at the scene.
"Willfully" is defined to mean that Dennis Mancuso intended to leave the scene of an accident knowing it resulted in personal injury to another.
The trial court denied the request and gave the following instruction:
LEAVING THE SCENE ACCIDENTS INVOLVING DEATH OR PERSONAL INJURY F.S. 316.027
Before you can find the defendant guilty of Leaving the Scene of an Accident Involving Death or Personal Injury, the State must prove the following three elements:
1. Dennis Mancuso was the driver of a vehicle involved in an accident resulting in injury and/or death of Heather Brashear and/or Natasha Decelle.
2. Dennis Mancuso knew or should have known that he was involved in the accident.
3. Dennis Mancuso willfully failed to stop and remain at the scene of the accident or as close thereto as possible until he had given his name, address, vehicle registration number and displayed his drivers license and render assistance to any person injured and/or furnish such information to any police *755 officer at the scene of the accident or who is investigating the accident.
1. "A driver or operator" is any person who drives or is in the actual physical control of a vehicle on a highway or who is exercising control of a vehicle or steering a vehicle being towed by a motor vehicle.
2. A "vehicle" is any device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, except bicycles or "mopeds" or devices used exclusively upon stationary rails or tracks.
3. A "highway" is the entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic.
4. "Willfully" means intentionally and purposely.
Neither the requested instruction nor the one given is correct. The former could imply "actual knowledge of injury" and the latter completely omits "any knowledge of injury."
The trial court's omission in our view was harmful error as appellant was entitled to have a correct instruction upon the law of the case. Brown v. State, 206 So.2d 377, 384 (Fla. 1968). The fact that appellant's proposed instruction was inartful, or not completely correct, or misleading does not abrogate the responsibility of the trial court. Bacon v. State, 346 So.2d 629, 631 (Fla. 2d DCA 1977); Wilson v. State, 344 So.2d 1315 (Fla. 2d DCA), cert. denied, 353 So.2d 679 (Fla. 1977).
Absent a decision from this state on the subject, both parties have provided us with out-of-state decisions on the issue of whether a jury must be instructed on the issue of constructive knowledge in a trial of the crime charged here. Appellee contends that the jury was properly instructed as it need determine only that appellant knew or should have known of the accident  not also the injury. It appropriately cites Commonwealth v. Kauffman, 323 Pa.Super. 363, 470 A.2d 634 (1983), as containing a summary of the different points of view.
In the absence of the statutory requirement of "willfulness" in Florida, the strongest case supporting appellee would be State v. Vela, 100 Wash.2d 636, 673 P.2d 185 (1983), in which the petitioner was Vela, although the style reflects the respondent's name first. In affirming the petitioner's conviction, the court rejected the argument that the jury should have been instructed that Vela had knowledge of the injuries and said:
Petitioner's argument is supported by the so-called "Holford rule" arising out of the California Supreme Court decision of People v. Holford, 63 Cal.2d 74, 80, 403 P.2d 423, 45 Cal. Rptr. 167 (1965), which holds:
[C]riminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person.
We decline the adoption of the Holford rule for two reasons: (1) the requirement of knowledge of the injury would render the statute internally inconsistent, and (2) such a requirement would practically destroy the purpose of the statute.
In accordance with the mandate of [State v.] Martin, [73 Wash.2d 616, 625, 440 P.2d 429 (1968), cert. denied, 393 U.S. 1081, 89 S.Ct. 855, 21 L.Ed.2d 773 (1969)], a driver is subject to a felony conviction if he leaves the scene of an injury accident when he has knowledge of the accident. RCW 46.52.020(4). Leaving the scene of an accident resulting only in property damage with knowledge of the accident subjects the driver to a misdemeanor conviction. RCW 46.52.020(5). If we were to adopt the Holford rule, a person who leaves the scene of an accident with knowledge of property damage but without knowledge that the accident resulted in injuries or death of some person would not be guilty of either a misdemeanor or felony. He would not have committed a felony because he did not know that any person had been injured or killed. Nor would he be subject to a misdemeanor because that charge applies only in "an accident resulting only in damage to a vehicle ... or damage to other property". (Italics ours.) *756 RCW 46.52.020(2). Thus, the anomalous consequence of the Holford rule is that one who leaves an accident scene knowing only that he was involved in an accident is completely immune to prosecution under RCW 46.52.020 if some person was in fact injured or killed, yet he is guilty of a misdemeanor if no person was in fact injured or killed. The Legislature could not have intended such a result, nor will we adopt a course that would bring about such absurd consequences.
Id. 100 Wash.2d 636, 673 P.2d at 188.[2]
However, Washington's statute does not require a willful act. It is a "strict liability" statute.[3]
We conclude that the element of willfulness in the Florida statute requires a finding of knowledge  actual or constructive  of injuries. Assume a driver, completely sober, strikes a drunken pedestrian on a darkened road, receives a severe concussion in the accident, is disoriented and leaves the scene without any willful intent to avoid responsibility. Under the Washington statute, the defendant knew of the "accident" and, thus, could be punished for leaving the scene. This is Florida, however, not Washington; and any change to a "strict liability" statute must come from the legislature.
We have duly considered and rejected appellant's other arguments directed to his conviction. The issue raised as to the sentence is rendered moot by this opinion.
GLICKSTEIN, FARMER and PARIENTE, JJ., concur.

ON MOTION FOR CERTIFICATION OF QUESTION AS ONE OF GREAT PUBLIC IMPORTANCE
PER CURIAM.
We grant the state's motion for certification of the following question as being one of great public importance:
IN A PROSECUTION FOR VIOLATION OF SECTION 316.027, FLORIDA STATUTES (1991), MUST THE STATE SHOW THAT THE DEFENDANT KNEW OR SHOULD HAVE KNOWN OF THE INJURY OR DEATH; AND THE JURY BE SO INSTRUCTED?
GLICKSTEIN, FARMER and PARIENTE, JJ., concur.
NOTES
[1] Section 316.061, Florida Statutes (1991), provides, in part:

(1) The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, and shall forthwith return to, and in every event shall remain at, the scene of the accident until he has fulfilled the requirements of s. 316.062. Any person failing to stop or comply with said requirements shall, upon conviction, be punished by a fine of not more than $500 or by imprisonment for not more than 60 days or by both such fine and imprisonment. Notwithstanding any other provision of this section, $5 shall be added to a fine imposed pursuant to this section, which $5 shall be deposited in the Emergency Medical Services Trust Fund created in s. 401.34(4).
[2] Kauffman points out that a number of states follow the Holford view, including Alabama, Alaska, Arizona, Iowa, Kansas, Virginia and Vermont. See also Comstock v. State, 82 Md. App. 744, 573 A.2d 117 (1990).
[3] California, also, does not have a statutory requirement of willfulness but still requires an instruction on constructive knowledge of injury.