**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEONARDO CONEJO-BRAVO,
                              *Petitioner*,

                v.

JEFFERSON B. SESSIONS III, Attorney
General,
                              *Respondent*.

No. 13-72280

Agency No.
A095-685-819

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2017*
Pasadena, California

Filed November 17, 2017

Before:  Harry Pregerson, Jacqueline H. Nguyen,
and John B. Owens, Circuit Judges.

Opinion by Judge Owens

---

*The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  This case is resubmitted as of November 9, 2017.

## SUMMARY[**]

### Immigration

The panel denied Leonardo Conejo-Bravo's petition for review of the Board of Immigration Appeals' decision that his felony hit and run conviction under California Vehicle Code § 20001(a) was a crime involving moral turpitude that rendered him ineligible for cancellation of removal.

The panel reaffirmed that California Vehicle Code § 20001(a) is divisible into several crimes some of which may involve moral turpitude and some of which may not. Applying the modified categorical approach, the panel noted that Conejo-Bravo admitted in his plea agreement that he was involved in a car accident that led to injury. The panel therefore concluded that the elements of his conviction made out a felony conviction for traditional hit and run causing injuries that qualifies as a crime involving moral turpitude under current controlling precedent.

### COUNSEL

David W. Williams, Santa Ana, California, for Petitioner.

Tim Ramnitz, Attorney; Jennifer P. Levings, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

OWENS, Circuit Judge:

Petitioner Leonardo Conejo-Bravo ("Petitioner") seeks review of the Board of Immigration Appeals' ("BIA") decision that his felony hit and run conviction under California Vehicle Code section 20001(a) was a crime involving moral turpitude ("CIMT") that rendered him ineligible for cancellation of removal under § 240A(b)(1) of the Immigration and Nationality Act ("INA"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). Applying current "modified categorical approach" precedent, we conclude that the conviction at issue qualifies as a CIMT, and deny the petition.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a Mexican national, entered the United States without inspection in 1995. He is married with three United States citizen children.

### A. The Crime

On November 20, 2005, Petitioner was involved in a car accident that injured another person. He fled the scene without assisting the injured person or providing his contact or insurance information. About a week later, he was charged in a three-count criminal complaint for violating California Vehicle Code section 20001(a) – felony hit and run – and two less serious offenses – driving without a valid license and failure to provide proof of insurance after an accident.

On December 13, 2005, Petitioner pled guilty to all counts. In his plea agreement, he admitted:

> I was the driver of a vehicle and I became involved in a traffic accident resulting in injury to another person. I then knowingly, willfully, and unlawfully failed to stop my vehicle *and* give the injured person and police officers my name, address and other contact information[.] I further failed to render assistance to the injured person. On that date I drove a vehicle without a valid license and I had no insurance.

He was sentenced to 180 days in county jail and three years' probation.

## B.  The Immigration Proceedings

Immigration and Customs Enforcement initiated removal proceedings against Petitioner, and – because Petitioner conceded his removability – the sole issue was whether he was eligible for cancellation of removal under INA § 240A(b)(1) (8 U.S.C. § 1229b(b)(1)). The Immigration Judge ("IJ") concluded that Petitioner's section 20001(a) conviction was a CIMT. Applying our decision in *Cerezo v. Mukasey*, 512 F.3d 1163, 1168–69 (9th Cir. 2008), the IJ recognized that the elements of section 20001(a) do not always encompass qualifying conduct, as the failure to present identification or proof of insurance following an accident falls outside the normal definition of "hit and run." However, the IJ also recognized that *Cerezo* left open the possibility that a conviction under section 20001(a) could qualify as a CIMT under the so-called "modified categorical approach," as the statute was "divisible into several crimes, some of which may involve moral turpitude and some of

which may not." *Id.* at 1169 (citation omitted). Because Petitioner had admitted in his plea agreement to "knowingly, willfully and unlawfully" failing to stop his vehicle after he was involved in a traffic accident that injured another person, the IJ concluded that Petitioner's conviction was for traditional hit and run, and therefore qualified as a CIMT. The BIA affirmed the IJ's reasoning.

## II. STANDARD OF REVIEW

The BIA's determinations of purely legal questions are reviewed "de novo, subject to established principles of deference." *Murillo-Espinoza v. INS*, 261 F.3d 771, 773 (9th Cir. 2001). Deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council Inc.*, 467 U.S. 837 (1984), applies to the "BIA's precedential determination that the specified conduct constitutes a CIMT." *Mendoza v. Holder*, 623 F.3d 1299, 1302 (9th Cir. 2010).

"Where . . . the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

## III.    DISCUSSION

"Almost every Term, the Supreme Court issues a 'new' decision with slightly different language that forces federal judges, litigants, lawyers and probation officers to hit the reset button once again" in determining whether a crime is a CIMT. *Almanza-Arenas v. Lynch*, 815 F.3d 469, 483 (9th Cir. 2015) (en banc) (Owens, J., concurring). So we analyze this question fully aware that the current *Choose Your Own Adventure* approach to CIMTs and crimes of violence can lead to unpredictable results. *See, e.g.*, Edward Packard, *The Forbidden Castle* (1982) (promising 27 possible resolutions

to one quest and a world where "you'll find what isn't what it is").

The IJ and BIA correctly applied *Cerezo* – section 20001(a) is not categorically a CIMT. We next "ask whether [section 20001(a)] is a divisible statute which 'sets out one or more elements of the offense in the alternative.'" *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017) (en banc) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)). We have previously held that section 20001(a) "is divisible into several crimes, some of which may involve moral turpitude and some of which may not." *Cerezo*, 512 F.3d at 1169 (citation omitted). As section 20001(a) is divisible, we "apply the modified categorical approach." *Martinez-Lopez*, 864 F.3d at 1039.

Consistent with Supreme Court precedent, the IJ and BIA looked to Petitioner's plea agreement to conclude that Petitioner was convicted of traditional hit and run under section 20001(a). *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). In his plea agreement, Petitioner admitted that he was involved in a car accident that led to injury and that he fled the scene. And we agree with the IJ and BIA that a felony conviction for traditional hit and run causing injury qualifies as a CIMT under current controlling precedent, as "non-fraudulent crimes of moral turpitude generally involve an intent to injure, actual injury, or a protected class of victims." *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1213 (9th Cir. 2013). Here, the actual injury quotient is satisfied, and other courts agree that traditional hit and run with injury is a CIMT. *See, e.g.*, *Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 290 (5th Cir. 2007) (holding that Texas hit and run law qualifies as a CIMT, as "the failure to stop and render aid after being involved in an automobile accident is the type of base behavior that reflects

moral turpitude"). Further, a conviction for traditional hit and run under section 20001(a) requires the driver to know that he hit another person. *See People v. Harbert*, 87 Cal. Rptr. 3d 751, 759 (Ct. App. 2009) ("Courts have accepted that the driver charged with violating section 20001 must be shown to have had knowledge of a collision with a person."); *People v. Bautista*, 265 Cal. Rptr. 661, 664 (Ct. App. 1990); *People v. Holford*, 403 P.2d 423, 426–27 (Cal. 1965).[1]

While the sentence imposed – 180 days – suggests that the trial court did not view this offense as particularly serious, the length of the sentence in this context is irrelevant – only the elements of the conviction matter. And because those elements make out traditional hit and run, Petitioner's section 20001(a) conviction qualifies as a CIMT.

**PETITION DENIED.**

---

[1] Moreover, this court's opinion in *Latu v. Mukasey*, 547 F.3d 1070, 1074–75 (9th Cir. 2008), is not applicable because the government did not argue the modified categorical approach to the IJ or the BIA in *Latu*. Here, the government did.