[Crim. No. 8452.  Second Dist., Div. Two.  June 25, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DOUGLAS FRANKLIN ROBERTS, Defendant and Appellant.

Alexander H. Schullman for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment of conviction which was entered following a nonjury trial upon an information charging him with violating section 20001 of the Vehicle Code, commonly referred to as "hit and run."

In essence, appellant challenges the sufficiency of the evidence to establish the requisite knowledge on his part that an accident had occurred resulting in injury to another. (Cf. *Garabedian* v. *Superior Court*, 59 Cal.2d 124, 127 [28 Cal.Rptr. 318, 378 P.2d 590].)

The evidence is uncontradicted that at approximately 2:10 a.m. on December 14, 1961, appellant struck a pedestrian who was in the crosswalk at the intersection of Hollywood Boulevard and Vermont in the City of Los Angeles. One witness for the People testified that he observed the victim leave the gas station where the witness was employed, and proceed across the intersection in the crosswalk until struck by

appellant. This witness further testified that appellant stopped his car for a moment, then made a right turn and proceeded up the intersecting street without getting out of his vehicle.

Another witness was driving his car immediately behind appellant's and observed the victim being struck when he was directly in front of appellant. He testified that appellant backed up a short distance and then turned right up the intersecting street on the wrong side. He followed appellant and observed him return to the proper lanes and then turn right at the next intersection. This witness continued to follow appellant on a winding course until he observed him being halted by the police after he had gone through a stop sign.

A Los Angeles police officer testified that he observed appellant's vehicle slide through a stop sign with its brakes locked and apparently turning in a direction away from the scene of the accident. The officer testified that he had just asked appellant to step from his vehicle when the driver of the car following appellant's pulled up and shouted that appellant had struck a pedestrian who still was lying in the street. While returning appellant to the scene of the accident, the officer made radio calls for an ambulance and for a traffic investigating unit.

The investigating officer from the traffic unit testified that when he examined appellant's vehicle he observed minor damage and marks on the front and found hair entangled in the windshield wiper on the driver's side. He administered a sobriety test at the scene and it was his opinion that appellant was intoxicated. Appellant told him that he was on his way home; that he did not know why he had turned his vehicle as he had; that he felt a bump and when he saw the red lights of a police car he knew that he had hit something. He later stated, "Yes, I know I hit somebody. Is he hurt bad?"

By way of defense appellant testified that it was raining at the time in question; that the green light was in his favor as he approached the intersection, and that he always turned right there on his way home. He heard a thud and thought someone had thrown a newspaper on top of his car. However, he further testified that immediately after completing his turn, he looked back and "saw people running across out into the street . . . and I saw someone lying in the intersection." He declared that it was then his intention to return to the scene by going around the block but that he was halted by the police before he had done so.

It is manifest that appellant's contention on this appeal is wholly without merit. The physical facts and his own testimony provided more than sufficient evidence that he had knowledge of facts sufficient to meet every requirement of the statute. ▮ Whether credence should have been given to his assertion (contradicted by two witnesses) that he did not stop at the scene and his testimony that despite the erratic course he pursued thereafter, it was his intention to return to the scene, clearly was a question solely within the province of the trial court. ▮ It is a trite statement that an appellate court does not pass upon the credibility of witnesses or reweigh the evidence. ▮ "Even if this court were of the opinion that the evidence produced by appellant was reconcilable with innocence, if the [trier of the fact], on conflicting evidence, has found to the contrary, the reviewing court is powerless to interfere. [Citations.]" (*People* v. *Kemp,* 55 Cal.2d 458, 471 [11 Cal.Rptr. 361, 359 P.2d 913].)

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.