[Crim. No. 11040.  Second Dist., Div. Two.  June 28, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ANDREW DENNIS CARTER, Defendant and Appellant.

Charles Hamel for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Andrew Carter appeals from a conviction for felony hit-and-run driving (Veh. Code, § 20001).

Carter, turning left at an intersection, collided with a Simca automobile driven by McKinnon. The right fender of Carter's Buick was slightly damaged, as was the front bumper of McKinnon's Simca. Both drivers got out of their cars at the intersection, and Carter helped McKinnon pull the Simca's bumper away from its wheel so the car could be moved. McKinnon's wife and daughter remained inside the car. McKinnon then moved his car to the side of the intersection, but Carter drove away from the scene without giving McKinnon his name, address, operator's license number, and vehicle registration number, and without offering to assist the McKinnons in obtaining medical attention. (Veh. Code, § 20003.) Later that evening Carter was arrested on suspicion of hit-and-run driving. He admitted he had been involved in an accident but denied knowing that anyone had been injured.

On appeal, Carter contends the prosecution failed to prove an essential element of the crime with which he was charged— his knowledge, actual or constructive, that personal injury resulted from the accident. He argues that in prosecutions

under section 20001 of the Vehicle Code for wrongfully leaving the scene of an accident, criminal liability only attaches to a driver "if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person." (*People* v. *Holford,* 63 Cal.2d 74, 80 [45 Cal.Rptr. 167, 403 P.2d 423].)

We think Carter's appeal is well-taken. Although McKinnon suffered minor neck and shoulder injuries and his wife injured her knee and his daughter injured her left arm, there was no evidence that any of this was known to Carter or that Carter was told about these injuries at the time of the accident. The only evidence on this subject came from Carter, who testified that he asked McKinnon if anyone was hurt and that McKinnon replied "No, I don't think so." While the court was not required to accept Carter's story on this point, nevertheless his testimony was never denied nor was any evidence to the contrary introduced by the prosecution in rebuttal. This conviction, therefore, was not supported by evidence of the defendant's actual knowledge of personal injury resulting from the accident. (*People* v. *Roberts,* 217 Cal. App.2d 592, 594 [31 Cal.Rptr. 689].)

Was the accident such that constructive knowledge of personal injury could properly be attributed to Carter? Such knowledge may be imputed to the driver of a vehicle where the fact of personal injury is visible and obvious (*People* v. *Blankenship,* 171 Cal.App.2d 173, 177 [340 P.2d 34]), or where the seriousness of the collision would lead a reasonable person to assume there must have been resulting injuries. (*People* v. *Holford,* 63 Cal.2d 74, 79-80 [45 Cal.Rptr. 167, 403 P.2d 423] ; *People* v. *Henry,* 23 Cal.App.2d 155, 160 [72 P.2d 915] ; *People* v. *Dallas,* 42 Cal.App.2d 596, 600-602 [109 P.2d 409].) But here the personal injuries were minor and the collision was not of sufficient magnitude to compel the conclusion that injuries had probably occurred. We find no basis for imputing constructive knowledge of injury in the present case.

Since the evidence was insufficient to prove the defendant's actual knowledge of personal injury or to attribute constructive knowledge of injury to him, a necessary element to sustain a conviction for felony hit-and-run driving was missing. (*Garabedian* v. *Superior Court,* 59 Cal.2d 124, 127 [28 Cal.Rptr. 318, 378 P.2d 590].)

But while the evidence was insufficient to support a conviction of felony hit-and-run driving involving personal injury (section 20001), it clearly established a violation of misdemeanor hit-and-run driving involving damage to property (section 20002). As the Supreme Court said in *People* v. *Holford,* 63 Cal.2d 74, 80, footnote 3 [45 Cal.Rptr. 167, 403 P.2d 423], "Neither knowledge of injury nor knowledge of the seriousness of the nature of the accident is required for a conviction under Vehicle Code section 20002, which provides that a driver of a vehicle in an accident resulting in damage to property commits a misdemeanor if he fails to stop and give the required information." Under that section it is a misdemeanor for the driver of a vehicle in an accident which results in property damage to fail to give his name, address, and vehicle registration number. In the record before us there is ample evidence to prove that Carter was guilty of misdemeanor hit-and-run driving.

If a violation of section 20002 were a lesser offense necessarily included within a charge under section 20001, we could find the defendant guilty of the lesser crime. (Pen. Code, §§ 1181, subd. 6, 1260.) Such inclusion may occur in either of two situations. First, where the statutory elements of the two crimes are so similar that the greater crime cannot be committed without necessarily committing the lesser one. (*In re Hess,* 45 Cal.2d 171, 174 [288 P.2d 5].) Such is not the case here, because an accident which results in personal injury does not necessarily result in property damage, as for example, an accident in which an automobile hits a pedestrian or one in which a mild bumper-to-bumper rear-end collision causes whiplash injury but not property damage. Second, where the elements of the lesser offense are covered by the language of the accusatory pleading, even though these elements are not necessarily encompassed within the statutory definition of the crime charged. (*People* v. *Marshall,* 48 Cal.2d 394, 405 [309 P.2d 456].) The present information could have specifically charged hit-and-run driving resulting in both injury to the person and injury to property, and had such a charge been made, we would be authorized to sustain defendant's conviction for the lesser-included offense of hit-and-run driving resulting in damage to property. However, no such accusation was made, and therefore the defendant was not put on notice by the pleading that he was vulnerable to conviction for hit-and-run driving resulting in property damage and that he should refute that charge if he could. Without notice of his

potential liability, it would be a violation of due process for us to sustain his conviction on the lesser offense, even though the facts comprising the offense were amply proved.

In future prosecutions for felony hit-and-run driving we suggest that whenever the facts so warrant allegations of property damage be routinely included in the accusatory pleading in order to authorize a conviction for the lesser offense of misdemeanor hit-and-run driving in appropriate cases.

The judgment is reversed.

Roth, P. J., and Herndon, J., concurred.