COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Clements
Argued at Richmond, Virginia


GARY DWIGHT BRANNON
                                                        OPINION BY
v.        Record No. 1419-07-2             JUDGE ROBERT P. FRANK
                                                        NOVEMBER 4, 2008
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                             Walter W. Stout, III, Judge

              Mitchell M. Wells (Riley & Wells, on brief), for appellant.

              Karen Misbach, Assistant Attorney General II (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


       Gary Dwight Brannon, appellant, was convicted, in a bench trial, of leaving the scene of

an accident involving personal injury, in violation of Code § 46.2-894.  On appeal, he contends

the trial court erred in finding the evidence was sufficient to convict.  For the reasons stated, we

reverse appellant's conviction.

                                       BACKGROUND

       On October 24, 2006, B.H. was driving to work on Nine Mile Road in Richmond.

Appellant, driving a pickup truck, side-swiped two parked cars and then rear-ended B.H.'s car.

B.H. was driving about twenty-five miles per hour when she felt her car being struck from

behind.  She "felt the bang, my car accelerating faster than I was going.  I went forward.  He hit

me so hard that he knocked my sunglasses off.  You know, my teeth smacked together."

       B.H. got out of her car and walked toward appellant, who remained seated in his truck.

B.H. described their encounter as "face to face."  She asked him if he was "okay," and he did not

respond.  B.H. did not tell appellant about her physical condition because, "[h]e didn't give me

enough time. He left." B.H. called 911, explaining she had just been hit. While she was speaking to the 911 operator, B.H. observed appellant "reach[] up and put his car in reverse" in an effort to back his truck off of B.H.'s car. B.H. was able to report appellant's license plate number to the 911 operator as appellant drove away from the accident.

B.H. testified she had no visible signs of injury. The investigating officer, Officer Gaylon, confirmed that fact. At the scene, B.H. complained to Officer Gaylon of face and minor neck pain.

As a result of the collision, B.H. suffered hyper-extended front neck muscles, forcing her to wear a neck collar and to miss a week of work. Because of damage sustained when appellant's truck rear-ended her, B.H. had to replace her car's rear fenders and tail lights for a total cost of "about $400." Officer Gaylon characterized the damage to B.H.'s car as "minor," but described the damage to appellant's truck as "heavy."

In finding the evidence sufficient, the trial court concluded:

> [T]he Court will find that a reasonable person would have known that [B.H.] was injured, and if he would have taken the time to find out and do what he was supposed to do, he would have found that out. She reported it immediately.

This appeal follows.

## ANALYSIS

In this very narrow issue we address whether appellant reasonably knew or should have known that B.H. suffered an injury as a result of the accident.

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"

Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*)

(quoting Jackson v. Virginia, 443 U.S. 308, 318-19 (1979)) (emphasis in original), aff'd, 272 Va.

481, 634 S.E.2d 305 (2006).  We ask only whether "'any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Kelly, 41 Va. App.

at 257, 584 S.E.2d at 447).  "'This familiar standard gives full play to the responsibility of the

trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw

reasonable inferences from basic facts to ultimate facts.'"  Kelly, 41 Va. App. at 257-58, 584

S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).  Thus, we do not "substitute our judgment for

that of the trier of fact" even if our opinion were to differ.  Wactor v. Commonwealth, 38

Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

The Supreme Court of Virginia has consistently evaluated the sufficiency of

circumstantial cases:

> It suffices to say that if the proof relied upon by the
> Commonwealth is wholly circumstantial, as it here is, then to
> establish guilt beyond a reasonable doubt all necessary
> circumstances proved must be consistent with guilt and
> inconsistent with innocence.  They must overcome the
> presumption of innocence and exclude all reasonable conclusions
> inconsistent with that of guilt.  To accomplish that, the chain of
> necessary circumstances must be unbroken and the evidence as a
> whole must satisfy the guarded judgment that both the *corpus
> delicti* and the criminal agency of the accused have been proved to
> the exclusion of any other rational hypothesis and to a moral
> certainty.  Yet what inferences are to be drawn from proved facts is
> within the province of the [fact finder] and not the court so long as
> the inferences are reasonable and justified.

La Prade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950).

In Herchenbach v. Commonwealth, 185 Va. 217, 38 S.E.2d 328 (1946), the Supreme

Court interpreted a predecessor version of Code § 46.2-894.[1]

> Knowledge necessarily is an essential element of the crime. This does not mean that the person should have positive knowledge of the extent of the damage or injuries inflicted. It does mean that, in order to be guilty of violating the statute, "the driver must be aware that harm has been done; it must be present in his mind that there has been an injury; and then, with that in his mind, he must deliberately go away without making himself known. If an injury is inflicted under such circumstances as would ordinarily superinduce the belief in a reasonable person that injury would flow, or had flowed, from the accident or collision, then it is the duty of the operator to stop his vehicle."

Id. at 220, 38 S.E.2d at 329 (quoting 5 Am. Jur. 921).

We have since interpreted this language as requiring the Commonwealth to prove "'that

the defendant possessed actual knowledge of the occurrence of the accident, and such knowledge

of injury which would be attributed to a reasonable person under the circumstances of the case.'"

Neel v. Commonwealth, 49 Va. App. 389, 395, 641 S.E.2d 775, 777 (2007) (quoting Kil v.

Commonwealth, 12 Va. App. 802, 811, 407 S.E.2d 674, 679 (1991)). "This approach . . . has

been characterized as 'requiring subjective knowledge of the collision while holding the driver to

---

[1] Code § 46.2-894 provides in part:

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic, as provided in § 46.2-888, and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property. The driver shall also render reasonable assistance to any person injured in such accident, including taking such injured person to a physician, surgeon, or hospital if it is apparent that medical treatment is necessary or is requested by the injured person.

- 4 -

a stricter reasonable man standard as to the fact or extent of the injury' . . . ." Kil, 12 Va. App. at 810, 407 S.E.2d at 679 (quoting Commonwealth v. Kauffman, 470 A.2d 634, 637 (Pa. Super. Ct. 1983)). We determined that "[k]nowledge of injury may be imputed to a driver 'where the fact of personal injury is visible or where the seriousness of the collision would lead a reasonable person to assume there must have been resulting injuries.'" Neel, 49 Va. App. at 395, 641 S.E.2d at 778 (quoting People v. Carter, 52 Cal. Rptr. 207, 208 (Cal. Ct. App. 1966)).

We then evaluated the nature of the impact and damage.

> Thus, the minimal nature of the damage to [victim's] vehicle was insufficient to put appellant on notice that she had been injured. Although the evidence would support a finding that appellant's front bumper and hood may have sustained some damage in the collision, no evidence establishes that appellant would have known about this damage before he fled the scene.

Id. at 397, 641 S.E.2d at 779. See also Kil, 12 Va. App. at 812-13, 407 S.E.2d at 680 (holding evidence sufficient to prove knowledge where impact caused extensive damage to right side of van, bodies of three of the victims were thrown distances of between 45 and 135 feet from the vehicle, and residents inside nearby homes described the impact as "a loud noise").

Neel is instructive. Neel, as in the instant case, was involved in a rear-end collision, the impact being described as "rather hard." Neel, 49 Va. App. at 392, 641 S.E.2d at 776. Within seconds of impact, a deputy sheriff instructed the victim to pull over to the side of the road, which she did. Id. The damage was not "a great deal," estimated to be as "$600 and some." Id. Neel fled the scene. Id. at 393, 641 S.E.2d at 776. Nothing indicated Neel was aware of the victim's injury, nor did she receive any medical attention in Neel's presence. Id. at 393, 641 S.E.2d at 777. In finding, as a matter of law, the evidence of knowledge of injury insufficient, we concluded:

> To hold otherwise would be to permit a driver involved in any but the most minor of accidents to be convicted of felony hit-and-run for leaving the scene of the accident without personally

investigating whether injury had occurred, regardless of how unforeseeable an injury was under the circumstances surrounding the accident. Whatever one's moral duty may be upon the occurrence of an accident, the applicable law in the form of the text of the statute itself and Virginia's appellate court decisions interpreting it does not permit conviction for felony hit-and-run based solely upon the happening of an accident and a failure to investigate.

Id. at 398, 641 S.E.2d at 779.

Appellant contends Neel is dispositive. The Commonwealth seeks to distinguish Neel on the facts, focusing on the minimal damage to Neel's and the victim's vehicles. Here the Commonwealth maintains the damage was more than minor, thus putting appellant on notice of the possibility of injury.

The amount of damage in this case is not dispositive of our analysis. We acknowledge that the quantum of the impact and damage may allow a proper inference that a reasonable person would assume there must be injuries. However, here, the subsequent facts militate against such an inference.

Even if the rear-end collision was severe, B.H. got out of the car, walked over to appellant's truck and inquired about his well-being. B.H. testified she suffered no visible injury, nor was there any evidence B.H. limped or exhibited any distress. Nothing in this record suggests that appellant was put on notice of B.H.'s injuries.

The trial court emphasized appellant should have remained at the scene to investigate and determine if B.H. was injured. The trial court's finding conflicts with Neel, in particular, because appellant had the opportunity to observe B.H., who exhibited no visible signs of injury.

## CONCLUSION

For the foregoing reasons, we hold the evidence was insufficient to support appellant's felony conviction for leaving the scene of an accident involving personal injury in violation of Code § 46.2-894.

<u>Reversed and dismissed.</u>