Filed 9/25/20  P. v. Temple CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C088879 |
| Plaintiff and Respondent, | (Super. Ct. No. 62158992) |
| v. | |
| CHRISTOPHER JOHNNY TEMPLE, | |
| Defendant and Appellant. | |

Defendant Christopher Johnny Temple was convicted of leaving the scene of an accident causing injury and leaving the scene of an accident causing property damage. The trial court found he had suffered a prior strike as well as four prior prison terms, and after dismissing two of the prior prison term enhancements under Penal Code section 1385, sentenced him to an aggregate six-year term.  On appeal, defendant contends insufficient evidence established he knew the victim was injured when he left the scene, and the trial court erred in refusing to strike the prior strike.  In a supplemental brief, he contends the two remaining prior prison term enhancements must be stricken under Senate Bill 136.

1

We modify the judgment to strike the remaining prior prison term enhancements and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Collision

In 2018, defendant lost control of his truck, hit a high curb, and became airborne. Travelling at 35 to 40 miles per hour, he crashed head-on into a parked truck, pushing it back 20 feet into a third truck. The third truck's driver ran to the victim's truck, believing the accident to be "fairly serious." Multiple passersby also stopped to provide aid to the victim and defendant. Witnesses described the crash's sound as "pretty loud," and "very alarming."

Both defendant and the victim's trucks had airbags deploy and were totaled. Both trucks had front-end damage to the bumper, grill, hood, and fenders, as well as intrusion into the engine compartment. Crash debris were strewn throughout the scene.

The victim was seated in the driver's seat when his parked truck was hit. Following the crash, he reported chest pain and difficulty breathing.[1] Defendant quickly got out of his truck and walked to the victim, who, at this point, had been helped out of his truck and was standing near it, while talking on the phone. A witness heard defendant ask the victim if he was okay.[2] Defendant and the victim got into a verbal altercation.[3] During this time, the victim was walking around and talking on the phone, and eventually sat down in the parking lot.

---

[1] One witness, a nurse, observed the victim at the scene and concluded that he did not appear to be in pain or have any external injuries.

[2] At trial, the victim did not remember what defendant said to him.

[3] The victim accused defendant of being under the influence of drugs and repeatedly called him a "tweaker."

Later, defendant went across the street to a gas station and eventually returned to the collision scene. He again attempted to speak to the victim, who was too angry to respond.

By the time first responders arrived, defendant was gone. He had not provided his name, address, or insurance information to anyone.

The victim refused an ambulance ride at the scene but later went to the emergency room. He was not admitted to the hospital. In total, he went to the doctor three times and was treated for contusions to his chest and knee and prescribed pain medication. He was put on light duty at work and referred to physical therapy. By trial, he still experienced pain and had not returned to his normal duties at work.

## Verdicts and Sentencing

The jury found defendant guilty of leaving the scene of an accident causing injury (Veh. Code, § 20001, subd. (a))[4] and leaving the scene of an accident causing property damage (§ 20002, subd. (a)).[5] The trial court found defendant had suffered a prior strike (Pen. Code, §§ 1170.12 subds. (a)-(d), 667, subds. (b)-(i)) and four prior prison terms (Pen. Code, § 667.5, subd, (b)).

Defendant asked the trial court to strike the previous strike under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court denied the request.

Thereafter, the trial court imposed an aggregate six-year term, consisting of four years for leaving the scene of an accident with injury (the midterm, doubled for the strike), along with two one-year prior prison term enhancements. A 30-day term for

---

[4] Undesignated statutory references are to the Vehicle Code.

[5] Defendant had also been charged with driving under the influence (§ 23153, subd. (f)) and the traffic infraction of unlawful turning movement (§ 22107). Prior to trial, the court granted defendant's motion to dismiss the driving under the influence charge under Penal Code section 995. At sentencing, the court dismissed the traffic infraction in the interests of justice.

3

leaving the scene of an accident with property damage was run concurrently, and two prior prison term enhancements were dismissed in the interests of justice under Penal Code section 1385.

## DISCUSSION

## I.  Sufficiency of the Evidence –

## Leaving the Scene of an Accident Causing Injury

On appeal, defendant contends insufficient evidence established he knew the victim was injured when he left the scene.  He argues he had no actual knowledge of injury because the victim suffered only internal injuries, which were not visible to him. He further maintains a car accident victim experiencing shortness of breath is not indicative of any injury.  By the time defendant initiated conversation, the victim had caught his breath enough to get into a verbal altercation, walk and talk on the phone.  One witness, a nurse, observed the victim and found he was not in pain nor had any external injuries.  And, according to defendant, the nature of the crash did not demonstrate he should have known or assumed the victim was injured.  With this last point, we disagree.

Four elements are required to prove a defendant guilty of leaving the scene of an accident causing injury:  (1) the defendant was involved in a vehicle accident; (2) the accident caused injury to someone else; (3) the defendant knew or should have known the accident injured another person; (4) the defendant willfully failed to perform duties required under sections 20003 and 20004.[6]  (§ 20001; *People v. Rocovich* (1969) 269 Cal.App.2d 489, 492-493.)

---

[6] Section 20003 requires the driver involved in an accident causing injury to give, among other things, his name, address, and car registration number to any other drivers or law enforcement officers, and to render aid to anyone injured.  Section 20004 requires the driver of any vehicle involved in an accident resulting in death to report the accident to law enforcement and provide the information required by section 20003.

The third element does not require actual knowledge of a victim's injury; constructive knowledge is enough. (*People v. Carter* (1966) 243 Cal.App.2d 239, 241 (*Carter*).) Constructive knowledge "may be imputed to the driver of a vehicle where . . . the seriousness of the collision would lead a reasonable person to assume there must have been resulting injuries." (*Ibid.*; *People v. Wolf* (1978) 78 Cal.App.3d 735, 740-741 [concluding damage to the car — a cracked windshield and dented hood — as well as crash's "fairly loud" sound demonstrated defendant's constructive knowledge of injury]; *People v. Rocovich*, *supra*, Cal.App.2d at p. 493 [finding defendant to have constructive knowledge of injury after hitting victim's car with such force that it was propelled forward into another car and over an embankment].)

In determining the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence, such that a reasonable trier of fact could find guilt beyond a reasonable doubt. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 671.) " ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment." ' " (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) A finding of insufficient evidence " 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Here, substantial evidence supports a finding of constructive knowledge. The severity of the crash could certainly lead a reasonable jury to conclude a reasonable person would believe injury had resulted. Indeed, defendant's vehicle went airborne and the subsequent crash pushed the victim's parked truck 20 feet into another truck, totaling both trucks. The driver of the third truck believed the crash was serious. Numerous passersby responded to the sound of the crash and provided aid to the victim and

defendant. And immediately after the crash, defendant, himself, asked the victim if he was okay.

Defendant, however, maintains this case is analogous to *Carter*, *supra*, 243 Cal.App.2d 239, where insufficient evidence showed actual or constructive knowledge of injury when the driver left the accident scene. (*Id.* at p. 241.) *Carter* is not only distinguishable but illustrates why substantial evidence is present here. There, the defendant ran into the victim's vehicle, causing *minor damage* to his car's right fender and the other car's left bumper. (*Id.* at p. 240.) Both cars were still operable. (*Ibid.*) The defendant stopped, helped the victim move the bumper so the car could be moved, and asked if anyone was hurt. (*Id.* at pp. 240-241.) He left the scene only after the victim assured him there were no injuries. (*Ibid.*) The appellate court concluded insufficient evidence demonstrated the defendant's knowledge of injury due to the accident's insignificant nature and the minor injuries suffered. (*Id.* at p. 242.)

Here, by contrast, the crash was far more severe, with front-end damage, including intrusion into the engine compartment. And at no point was defendant told the victim was uninjured.

In sum, the record provided substantial evidence of constructive knowledge of injury.

## II. The *Romero* Request

On appeal, defendant contends the trial court abused its discretion in refusing to strike the prior strike conviction. We disagree.

### A. Additional Background

Defendant's prior strike arose from a 2002 conviction for grand theft firearm (Pen. Code, § 487, subd. (d).) Before sentencing for the present offenses, he asked the trial court to strike the prior strike because it occurred more than 16 years earlier, when he was 16 years old, and the current offense was nonviolent. The trial court denied the request.

Regarding the nature and circumstances of the present offense, the court noted that while it involved no intentional violence, it was "a serious offense as hit and run offenses go considering the impact this crime has had on the life of the victim." The court also found that defendant was not cooperative with law enforcement during the investigation.

As for the nature and circumstances of the prior strike conviction, the court noted it was nonviolent and occurred in 2002, when defendant was 16 years old, but defendant's extensive criminal record nevertheless demonstrated the prior strike was not a single act or period of aberrant behavior.[7] This included a 2014 conviction for solicitation for murder, a conviction for which defendant had been sentenced to 12 years in prison and was on parole at the time of the instant offenses.

Regarding defendant's background, character and prospects for the future, the court noted the probation report indicated defendant violated his parole twice in 2018 for failure to complete a substance abuse program.

Based upon "the nature and circumstances of the defendant's present felony and prior strike and the particulars of his background, character and prospects," the court found defendant fell within the spirit of the three strikes law.

## B. Analysis

On appeal, defendant contends the trial court abused its discretion in refusing to strike the prior strike allegation. He argues the strike's remoteness and the nonviolent nature of his current conviction support dismissing the strike, and the court erred in relying upon his "drug problem" to refuse the request. We disagree.

"[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to

---

[7] Defendant had been convicted of a number of offenses including being under the influence of a controlled substance, driving under the influence, battery, resisting arrest, two second degree burglaries, and solicitation for murder.

7

explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) In deciding whether to strike a prior strike conviction or in reviewing a trial court's ruling, courts must consider whether the nature and circumstances of the present felonies, the nature and circumstances of the prior serious and/or violent felony convictions, and the particulars of the defendant's background, character, and prospects, render the defendant outside the spirit of the three strikes scheme. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review the trial court's refusal to strike a prior strike conviction for abuse of discretion. (*Carmony, supra,* 33 Cal.4th at p. 376.) Such a decision is within the court's discretion unless it "is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) It is insufficient to merely demonstrate that reasonable people might disagree over whether to strike a strike. (*Id.* at p. 378.)

Here, the trial court acted well within its discretion in refusing to strike the prior strike. While defendant's current convictions were not intentionally violent, the crash had a serious effect on the victim, who was still in pain at trial. Further, while defendant's prior strike occurred 16 years ago and was nonviolent, it did involve the illegal possession of a firearm and his extensive record shows no cessation in criminal behavior.[8] In fact, it shows increasing severity, culminating in a solicitation for murder conviction, for which he was sentenced to 12 years and was on parole at the time of the present offenses.[9]

---

[8] Throughout the last 15 years, defendant has been free from prison or jail for 10 months, during which time he was on parole.

[9] According to the prosecution's sentencing memo and *Romero* opposition, while defendant was in jail, he asked someone to murder the victim of a carjacking for which he had been arrested in 2010.

Also, it was appropriate for the trial court to consider defendant's drug use as it relates to his prospects and ability to lead a crime-free life. As the trial court noted, defendant had violated his parole twice in 2018 for failing to complete a substance abuse program.[10] The probation report stated that defendant had been placed on six different grants of formal probation and sentenced to prison four times. He violated probation and parole on "multiple occasions."

Considering the *Williams* factors, we agree with the trial court that defendant was within the spirit of the three strikes law. The trial court did not abuse its discretion.[11]

### III.  Prior Prison Term Enhancements

Defendant contends in a supplemental brief that Senate Bill No. 136 (S.B. 136) requires the court to strike the two remaining one-year prior prison term enhancements. (Stats. 2019, ch. 590, § 1.)  As of January 1, 2020, S.B. 136 eliminated the enhancement

---

[10] Defendant maintains no evidence was presented that he had a drug problem. He notes the charge for driving under the influence of any drug was dismissed and the probation report shows he admitted to using methamphetamine in the past, but "does not now." We disagree. Even if defendant was not currently using drugs, the trial court may consider past drug use when evaluating his prospects to lead a crime-free life, including his parole violations related to his program failures. Furthermore, the collision's circumstances and defendant's behavior at the scene suggested potential drug use. The victim — a previous methamphetamine user himself — believed defendant was under the influence and repeatedly called him a "tweaker." The victim testified that he himself had been addicted to methamphetamine and during that period in his life, every person he spent time with was a methamphetamine addict. He indicated he was familiar with how a person appears when under the influence of the drug. He testified defendant's eyes were dilated, he had black circles around his eyes, his cheeks were sucked in and he "couldn't sit still." Based on his observations, the victim opined that defendant "was super high on methamphetamine." Defendant's record includes multiple convictions for drug-related crimes. Overall, ample evidence in the record exemplifies defendant's drug problem and it was well within the trial court's purview to consider it as part of a *Williams* analysis.

[11] Indeed, the trial court carefully considered its sentencing decisions. As noted, it dismissed in the interests of justice two of defendant's prior prison terms. (Pen. Code, § 667.5, subd, (b); § 22107).

for all convictions except sexually violent felonies.**12**  (Pen. Code, § 667.5, subd. (b).)  The People agree.

We agree with the parties that S.B. 136 applies retroactively in this case.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 339-342; See *In re Estrada* (1965) 63 Cal.2d 740, 748 [for a non-final conviction, "where the amendatory statute mitigates punishment and there is no savings clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed"].)  Defendant's sentence is not yet final and his prior felony convictions were not for sexually violent felonies.

We will therefore strike the two remaining one-year prior prison term enhancements.

---

**12**  Sexually violent felonies are defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.  (Sen. Bill No. 136 (2019-2020 Reg. Sess.) § 1.)

## DISPOSITION

We modify the judgment to strike the two section 667.5, subdivision (b), prior prison term enhancements and otherwise affirm. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections. The judgment is otherwise affirmed.

                                                /s/
                                      MURRAY, Acting P. J.

We concur:

     /s/
DUARTE, J.

     /s/
HOCH, J.