Filed 8/17/22  P. v. Johns CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>MICHAEL DENNIS JOHNS, JR.,<br><br>    Defendant and Appellant. | A162571<br><br><br>(Solano County<br>Super. Ct. No. FCR341721) |

Michael Dennis Johns, Jr., was charged in an information with two counts of felony driving under the influence with three prior convictions for driving while under the influence within the past 10 years (counts 1 and 2; Veh. Code,[1] §§ 23152, subds. (a) & (b), 23550); misdemeanor hit and run with property damage (count 3; § 20002, subd. (a)); and misdemeanor driving without a license (count 4; § 12500, subd. (a)).  A jury convicted Johns of driving under the influence (§ 23152, subd. (a)), hit and run with property damage (§ 20002, subd. (a)), and driving without a license (§ 12500, subd. (a)).  The court found true three prior convictions for driving while under the influence with the past 10 years (§ 23550).  On appeal, however, Johns challenges only his misdemeanor hit and run conviction.  He argues there

---

[1] All statutory references are to the Vehicle Code unless otherwise stated.

1

was insufficient evidence of property damage and insufficient evidence that he knew of property damage.  We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

About 8:40 a.m. on November 9, 2018, Johns drove into the warehouse area behind Dependable Heating & Air Conditioning (Dependable).  The warehouse area is not used by customers.  A gate at the entrance to the area had a sign stating " 'Employees only.' "  Eric M., Dependable's warehouse manager, approached Johns and asked, " 'Can I help you?' "  Johns did not respond.  Eric then asked, " 'Are you all right?' " and Johns said, " 'Yeah.' "  Johns then drove toward the building and ran into a pile of metal piping stacked next to the side of the warehouse.  The collision dented the piping, causing approximately $20 to $30 of damage.  Johns then backed up and collided with a 12-foot pallet of insulation material, causing the insulation to shift off the pallet.  Johns revved the engine, and it sounded as if the car was in neutral.  He then drove forward and almost collided with a 15-foot trailer, missing it by about a foot.  Then he backed up and drove out of the warehouse area.  Other than responding, " 'Yeah,' " to Eric's initial inquiry, Johns said nothing else.  He never got out of the car, identified himself, or provided any insurance information before he left the scene.

Immediately after Johns collided with the pile of piping, Eric began video recording Johns's actions with his cell phone.  He recorded Johns backing up into the pallet of insulation material and then driving away.  Eric later gave the video to the police.  The police officer viewed Eric's video when he responded to the scene, which showed the license plate number of Johns's car.

Based on the information from the license plate number, the police went to Johns's home and arrived about 9:03 a.m.  Johns's car was in the

2

driveway. The right front tire was flat or shredded. About 9:15 a.m., Johns came out of the house and the officer told Johns that his vehicle was reported to have been in a hit and run collision. The officer smelled a strong odor of alcohol and noticed Johns's eyes were bloodshot. Johns told the officer he drove the car home from work and his tire blew out. Johns denied being at Dependable or hitting anything. He also denied drinking anything. The police drove Eric to Johns's residence for an infield showup, and Eric identified Johns as the driver who collided with the piping at Dependable.

Johns refused to perform any field sobriety tests and initially declined to submit to a breath or blood-alcohol test. However, he later agreed to a blood test and his blood was drawn at 11:18 a.m. Johns's blood-alcohol concentration was 0.09 percent.

At trial, the police officer testified that he was unable to upload Eric's video to the police department's computer system, and it was not shown to the jury. Instead, the jury was shown still photos from Eric's cell phone video and surveillance video of Johns driving in the warehouse back lot, but none showed the collision with the piping.

## DISCUSSION

Johns argues there was insufficient evidence to establish all elements of the section 20002 violation (hit and run resulting in property damage). Specifically, he claims there was insufficient evidence that he caused any property damage and that he knew he had caused property damage.

In determining sufficiency of the evidence challenges, we "must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v.*

*Johnson* (1980) 26 Cal.3d 557, 578.) " 'The standard of review is the same in cases in which the prosecution relies mainly on circumstantial evidence.' " (*People v. Rivera* (2019) 7 Cal.5th 306, 324.) We may not reverse a conviction for insufficient evidence unless " 'it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Section 20002, subdivision (a) requires the driver of a vehicle involved in an accident that results in property damage to stop and provide identifying information to the owner of the damaged property. The elements of the offense are that the defendant: "(1) knew he or she was involved in an accident; (2) knew damage resulted from the accident; and (3) knowingly and willfully left the scene of the accident (4) without giving the required information to the other driver(s)." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1123, fn. 10.) Constructive knowledge may be imputed to a defendant based on the surrounding circumstances. (*People v. Carter* (1966) 243 Cal.App.2d 239, 241–242; CALCRIM No. 2150.)

Johns argues there is insufficient proof that he caused property damage because Eric's testimony on this point was equivocal. Johns claims that Eric admitted he was not confident there was no damage to the piping before Johns hit it. Eric's testimony on direct examination was as follows:

"Q: . . . You were present when you saw Mr. Johns drive into the pile of KD piping, correct?

"A: Yes.

"Q: . . . And were you able to see what damage he caused to the KD piping, if any?

"A: Yes.

4

"Q: And does this photo [exhibit 10] accurately represent the damage that you saw done to the KD piping?

"A: Yes.

"Q: Was this damage preexisting before Mr. Johns hit the piping with his vehicle?

"A: No.

"Q: Okay. And was this brand new material, brand new piping?

"A: Not brand new. But it's been sitting there for a while.

"Q: Okay. But you can—can you—you can confidently answer there was no damage as shown in this photograph before Mr. Johns hit it with his vehicle?

"A: No."

Johns focuses on the last, poorly worded question and answer and argues Eric "critically . . . testified he could not confidently say there was no damage to the pipe . . . before [Johns] hit it." Johns's argument ignores Eric's very definitive testimony that the damage was not preexisting before Johns hit the piping. The jury was able to consider Eric's entire testimony in context and to observe his demeanor and the certainty with which he described the damage and the cause of the damage. We will not disturb the jury's finding based on a witness's arguably inconsistent response to a single poorly phrased question. (*People v. Snow* (2003) 30 Cal.4th 43, 66 [appellate court must accord due deference to the fact finder and may not substitute its evaluation of a witness's credibility for that of the fact finder].)

Johns further argues there is no evidence that he knew he caused damage. He points to Eric's testimony that Johns "bumped" into the pile of piping and that there is no evidence that the impact made a sound or that Eric alerted Johns to the collision. The evidence included surveillance video

5

of Johns's car driving in the warehouse area of Dependable, eyewitness testimony of Johns hitting both the piping stored at the side the building and a 12-foot pallet with enough force to shift the contents of the pallet, and then nearly hitting a trailer before he left the scene without stopping. Further, Eric initiated contact with Johns as soon as he entered the back warehouse area, observed Johns hit the piping and the 12-foot pallet, and remained in the lot until Johns left. Considering the totality of the circumstances, we find sufficient evidence to support the jury's finding that Johns "knew that (he/she) had been involved in an accident that caused property damage [or knew from the nature of the accident that it was probable that property had been damaged]." (CALCRIM No. 2150.)

## DISPOSITION

The judgment is affirmed.

_____
Jackson, P. J.

WE CONCUR:

_____
Simons, J.

_____
Burns, J.

A162571/*People v. Michael Dennis Johns, Jr.*

6