COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Fulton and Lorish


JEROME ARTHUR GODWIN

                                                    MEMORANDUM OPINION*
v.       Record No. 1394-23-1                              PER CURIAM
                                                        DECEMBER 3, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge[1]

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Angelique Rogers, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the Circuit Court of the City of Hampton convicted Jerome

Arthur Godwin of felony hit and run, in violation of Code § 46.2-894.  On appeal, Godwin

argues that the evidence was insufficient to support his conviction.  After examining the briefs

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the

dispositive issue or issues have been authoritatively decided, and the appellant has not argued that

the case law should be overturned, extended, modified, or reversed."  Code § 17.1-403(ii)(b); Rule

5A:27(b).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, [as] the prevailing party at trial."  *Gerald v.*

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Judge Gaten entered the final order in this case.  Judge Designate William H. Shaw, III,
presided at Godwin's bench trial and at his sentencing.

*Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

Joshua Benjamin Pettaway testified at trial that in 2022, he and Godwin both lived on a cul-de-sac in Hampton, Virginia. Pettaway had known Godwin "since he was probably in the fifth grade." Pettaway recalled that around 8:00 a.m. on January 28, 2022, he went to his neighbor's home to let her dog out when he noticed Godwin "sitting right there on the side of the street staring at me." He recounted that as he was walking back to his home, Godwin "mashed the gas on this older model Lexus and just plowed into me. He jumped the curb, plowed into me, hit the trash cans, the telephone pole and threw the car in reverse and took off." Pettaway further recounted, "I tried to jump out of the way and that's when he jumped the curb and crashed into the neighbor's yard." He noted that the impact caused him to launch "[a]pproximately 15 feet and then my shoes went another 20 feet" into his neighbor's yard. He then "yelled for my neighbors to come outside and grabbed my phone and called 911."

Pettaway emphasized that Godwin was traveling "at a very high rate of speed" and that Godwin's vehicle "was aimed directly at me." He testified that Godwin did not get out of his vehicle or inquire about Pettaway's well-being before Godwin "just took off out of the cul-de-sac." As a result of the collision, Pettaway sustained injuries to his knees, his legs, his hands, and his shoulder, and he had to have surgery. He received medical attention at the site of the collision and at a hospital. On cross-examination, Pettaway denied ever having threatened to kill Godwin, and he denied ever having displayed a firearm near Godwin's mother. When asked by

- 2 -

counsel for Godwin about any past incidents with Godwin, Pettaway stated, "I have never had an incident with him other than me getting ran over by a car."

Hampton Police Officer Emily Davidson testified that she went to Pettaway's house the day after the collision, and she noticed that Pettaway "was wearing a sling on his left arm." After discussing the collision with Pettaway, Officer Davidson called Godwin, but he did not answer. Godwin returned Officer Davidson's call the following day. Officer Davidson recalled that during her phone conversation with Godwin, he "advised he was leaving out of their neighborhood when his vehicle struck Mr. Pettaway." Godwin further "advised that he left the area" and that he did not contact the police or the paramedics at that time because "he did not feel it was necessary." Officer Davidson noted that Godwin had also told her that Pettaway had jumped in front of his vehicle, that Pettaway had threatened to kill him earlier that morning, that Pettaway had been known to carry a gun, and that Godwin did call 911 "several hours after the incident had occurred."

After the Commonwealth presented its evidence, counsel for Godwin moved to strike, arguing that the Commonwealth's evidence failed to prove that Godwin did not report the collision to the authorities. Before the Commonwealth could make its argument in response, the trial court denied Godwin's motion to strike.

Godwin then testified in his own defense. Godwin claimed that around 6:45 a.m. on January 28, 2022, he was warming up his car and getting ready to go to work when he noticed Pettaway "standing on his porch, you know, with a gun in his pants." Several minutes later, Pettaway got into a car and drove around the cul-de-sac. According to Godwin, as he was leaving the cul-de-sac to head to work, Pettaway then "just jumps in front of my car" and "said that he was going to kill me." Godwin testified that there "wasn't much contact because I stopped," and he maintained that Pettaway did not appear to be injured because "[a]fter I g[o]t to

- 3 -

the stop sign he jumps up and throws both of his middle fingers up at me." Godwin stated that he called 911 several hours later and that "[t]he reason why I called is to keep from, you know, having to come to court to get to this. That's the only reason why I called." On cross-examination, Godwin claimed that he did not hit Pettaway at all, and he denied that he had told Officer Davidson that he had hit Pettaway. He also denied that he had jumped the curb or that he had hit a pole, but he admitted that he did not get out of his car. When asked about his relationship with Pettaway, Godwin acknowledged that there is "an ongoing feud between his family and my family" and that "we don't get along."

After presenting the defense's evidence, counsel for Godwin renewed his motion to strike, arguing that "there's a reasonable doubt in this case" given Godwin's testimony. The trial judge denied Godwin's renewed motion to strike, explaining, "I have no reasonable doubt in this case. The evidence is sufficient." At the conclusion of the trial, the trial court found Godwin guilty of felony hit and run, in violation of Code § 46.2-894. In making his ruling, the trial judge stated, "I find that Mr. Pettaway's testimony is credible, but I agree with the Commonwealth, it doesn't matter, it doesn't matter, and any inconsistency in the officer's testimony was fostered by Mr. Godwin, not by the officer." The trial judge went on to state, "I think if you look at his story it's incredible and it's, like, I think he finally says he never touched him and that makes no sense at all." Godwin now appeals to this Court.

## ANALYSIS

On appeal, Godwin contends, "The trial court erred in denying Godwin's motion to strike the charge of felony hit and run under Va. Code § 46.2-894." He argues that "the Commonwealth's evidence was insufficient to prove beyond a reasonable doubt that Godwin realized he struck Pettaway with his car on January 28, 2022, or that Godwin knew he was required to stop, report his information, and render assistance, etc."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration and emphasis in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (emphasis in original) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Code § 46.2-894 requires "[t]he driver of any vehicle involved in an accident in which a person is killed or injured" to "immediately stop as close to the scene of the accident as possible without obstructing traffic" and to report certain identifying information to "the State police or local law-enforcement agency" or "to the person struck and injured if such person appears to be capable of understanding and retaining the information." The statute further requires the driver to "also render reasonable assistance to any person injured in such accident." *Id.* The statute's purpose is to "prevent motorists involved in accidents from evading civil or criminal liability by leaving the scene of an accident and to require drivers involved in an accident to provide identification information and render assistance to injured parties." *Smith v. Commonwealth*, 66 Va. App. 382, 388 (2016) (quoting *Smith v. Commonwealth*, 8 Va. App. 109, 115 (1989)). "The duty imposed upon the driver of a vehicle involved in an accident is not passive. It requires

positive, affirmative action; [] that is, to stop and give the aid and information specified." *Herchenbach v. Commonwealth*, 185 Va. 217, 220 (1946) (examining a nearly identical predecessor version of Code § 46.2-894).

"Knowledge necessarily is an essential element of the crime." *Brannon v. Commonwealth*, 52 Va. App. 800, 804 (2008) (quoting *Herchenbach*, 185 Va. at 220). To establish the element of knowledge, the Commonwealth must prove "that the defendant possessed actual knowledge of the occurrence of the accident, and such knowledge of injury which would be attributed to a reasonable person under the circumstances of the case." *Id.* (quoting *Neel v. Commonwealth*, 49 Va. App. 389, 395 (2007)). This Court has characterized this approach as "requiring subjective knowledge of the collision while holding the driver to a stricter reasonable man standard as to the fact or extent of the injury." *Id.* (quoting *Kil v. Commonwealth*, 12 Va. App. 802, 810 (1991)). We have also explained that "[k]nowledge of injury may be imputed to a driver 'where the fact of personal injury is visible or where the seriousness of the collision would lead a reasonable person to assume there must have been resulting injuries.'" *Id.* (alteration in original) (quoting *Neel*, 49 Va. App. at 395).

Here, the evidence was sufficient for the trial court to find that Godwin knew that he had hit Pettaway with his vehicle and then had driven off without stopping or rendering aid. Pettaway testified that as he was walking home from his neighbor's house, Godwin was "sitting right there on the side of the street staring at me." Godwin then "mashed the gas on this older model Lexus and just plowed into me. He jumped the curb, plowed into me, hit the trash cans, the telephone pole and threw the car in reverse and took off." The resulting impact caused Pettaway to launch "[a]pproximately 15 feet and then my shoes went another 20 feet" into his neighbor's yard, and Pettaway sustained several injuries. Pettaway confirmed that Godwin did not get out of his vehicle or inquire about Pettaway's well-being before Godwin drove off. In

addition, Officer Davidson testified that she spoke with Godwin over the phone two days after the collision. During that phone call, Godwin admitted that "he was leaving out of their neighborhood when his vehicle struck Mr. Pettaway." Godwin also admitted that "he left the area" and that he did not contact the police until several hours later because "he did not feel it was necessary."

Furthermore, it was within the trial court's purview as the factfinder whether to believe Godwin's theory of events. "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004) (alteration in original) (quoting *Miles v. Commonwealth*, 205 Va. 462, 467 (1964)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). "By finding [a] defendant guilty, therefore, the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (alteration in original) (quoting *Haskins*, 44 Va. App. at 9).

Here, the trial judge expressly found that "Mr. Pettaway's testimony is credible" and that "any inconsistency in the officer's testimony was fostered by Mr. Godwin, not by the officer." The trial judge also expressly rejected Godwin's trial testimony and found that Godwin's hypothesis of innocence was not credible, stating, "I think if you look at his story it's incredible and it's, like, I think he finally says he never touched him and that makes no sense at all." Therefore, we certainly cannot say that no rational factfinder could have found that Godwin

knowingly hit Pettaway with his vehicle and that he was reasonably aware that Pettaway was injured because of the collision.

## CONCLUSION

For all of the foregoing reasons, we affirm the trial court's judgment, and we uphold Godwin's conviction.

*Affirmed.*